**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Tracy Madden, Greg Carney, Frank Broccolo, Keith Poston, Jennifer Skipton, Grant Mizner, DeAnna Danley, Charlene Holbird, Michael Zofcak, Robin Stout, Erik Venderhorst, Kenneth Atwell, David Shafer, Andrew Kilgore, Michelle Reid, Ryan Ellison, Casey Spirk, Josh Sims, Jennifer McComiskey, Karol Hodge, Brian Evanger, Brian Stafford, Roy McGinnis, Beth Cook, Buford Bost, Paul Stevens all individually and on behalf of all other similarly situated individuals,

Plaintiffs,

v.

Charleston County, South Carolina,

Defendant.

Civil Action No.: 2:14-cv-00208-DCN

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

COME NOW PLAINTIFFS, by and through their undersigned counsel, who hereby respond to Defendant's Motion For More Definite Statement as follows:

## I. INTRODUCTION

Plaintiffs are a class of employees of Defendant Charleston County who work for the Emergency Medical Services (EMS) Department. Plaintiffs filed a Complaint on January 23, 2014 alleging various violations of State and Federal wage payment and overtime laws. Defendant responded by filing a Motion for More Definite Statement pursuant to Rule 12(e) Fed. R. Civ. P. on March 10, 2014.[1] Defendant's Motion addresses only Plaintiffs' state law claims that allege violation of the South Carolina Payment of Wages Act and breach of contract.

1 Counsel for Defendant did not consult, as is required by Rule 7.02 of the Local Rules of the District Court, with Plaintiffs' counsel before filing the Motion for More Definite Statement.

## II. GENERAL PLEADING STANDARDS

Traditionally a plaintiff must merely provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957)(overruled on other grounds). As the Court in *Twombly* stated, a plaintiff must provide the "grounds" of his "entitle[ment] to relief," which requires more than labels and conclusions. *Twombly*, 550 U.S. at 545. In other words, a complaint must state on its face plausible claims upon which relief can be granted*. See Francis v. Giacomelli*, 588 F.3d 186, 189 (4th Cir. 2009). Using its decision in *Twombly* as a model, the Court in *Ashcroft v. Iqbal* articulated a two-prong approach to weighing the sufficiency of the Plaintiffs' Complaint. 556 U.S. 662, 678-79, 129 S.Ct. 1937 (2007). First, the court should identify and set aside the Plaintiffs' recitals of the elements of the relevant cause of action and related legal conclusions because such conclusory statements are not entitled to the presumption of truth and must be supported by factual allegations to establish a cause of action. *Id.* If the Plaintiffs' Complaint includes well-pleaded factual allegations in addition to legal conclusions, the court must presume those facts are true and then determine whether they plausibly give rise to an entitlement to relief, considering the elements of the relevant legal claim. *Id.*

## III. MOTIONS PURSUANT TO RULE 12 (e)

"Given the liberal nature of the federal pleading standards, Rule 12(e) Motions are typically disfavored by courts," and are rarely granted in light of the notice pleading standard articulated above. *See Rahman v. Johanns*, 501 F. Supp. 2d 8, 19 (D.D.C. 2007); *Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (citations omitted). Moreover, it is soundly within the Court's

discretion to require a party to make a more definite statement. *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973). The text of Rule 12(e) clearly states, however, "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably . . ." be expected to draft a reply. *See Wilson* v. *Gov't of the D.C.*, 269 F.R.D. 8, 12 (D.D.C. 2010). The basis for requiring a more definite statement pursuant to the Rule is generally unintelligibility, not just an absence of specific details. *Rahman*, 501 F.Supp.2d at 19, *Towers*, 563 F.Supp at 569. Therefore Rule 12(e) is used in circumstances where a Complaint, for example, is incoherent, or the meaning is so unclear that drafting a response is a virtual impossibility, i.e., situations where a defendant cannot comprehend who is being sued, why, and for what. *See McHenry v. Renne,* 84 F.3d 1172, 1179-80 (9th Cir. 1996).

It is noteworthy that Rule 12(e) motions are not to be utilized as discovery and should not be granted where the information sought could be obtained in discovery. *See Frederick v. Koziol*, 727 F. Supp. 1019, 1021 (E.D. Va. 1990). A motion for a more definite statement should also not be used to test an opponent's case. *Juneau Square Corp.* v. *First Wisc. Nat'l Bank*, 60 F.R.D. 46, 48 (E.D.Wis. 1973).

## IV. ARGUMENT

Defendant argues that the Complaint, and specifically Plaintiffs' claims under the South Carolina Payment of Wages Act (SCPWA), is "so vague and indefinite" that the Defendant cannot adequately or appropriately respond. Plaintiffs submit that this is not the case, and a careful review of the Complaint adequately notifies Defendant of the grounds for relief such that Defendant should reasonably be able to draft a reply.

Plaintiffs' Complaint alleges as follows in pertinent part:

> 86. Defendant has failed to pay Plaintiffs and the members of the Plaintiff class all wages due, as required by Sections 41-10-40 and -50 of the Act.
>
> 87. In addition, Defendant's EMS Department improperly calculated the amounts owed to the Plaintiffs and the members of the Plaintiff class on their paychecks for improper purposes, upon false pretenses, and without providing proper written notice as required by Section 41-10-30(A) of the Act.

Plaintiffs' Complaint continues:

> 91. Plaintiffs and the members of the Plaintiff class entered into a contract with Defendant where Plaintiffs and the members of the Plaintiff class would provide services and labor to Defendant in exchange for agreed-upon wages.
>
> 92. The contracts offered by the Defendant and accepted by the Plaintiffs and the members of the Plaintiff class provide the Plaintiffs and the members of the Plaintiff class would be paid an hourly rate based upon an annual salary.
>
> 93. Plaintiffs and the members of the Plaintiff class fulfilled their obligations under the contract.
>
> 94. Defendant breached the contracts with Plaintiffs and the members of the Plaintiff class by not paying them all amounts due.

Applying the *Iqbal* two-prong analysis, this Court can readily identify and set aside the Plaintiffs' recitals of the elements of both the SCPWA Violation claim and the Breach of Contract claim and related legal conclusions. Next, this Court can assess the well-pleaded factual allegations in addition to legal conclusions, presume those facts are true, and then determine whether they plausibly give rise to an entitlement to relief, considering the elements of the relevant two legal claims. Particularly, Paragraphs 92-94 of the Complaint alert this Court that the Plaintiffs allege they were not paid the wages quoted in the offer letters. Moreover, Plaintiffs submit these offer letters constitute contracts thereby giving rise to Plaintiffs' Breach of Contract cause of action.

Further, this Court can discern from the language of Paragraphs 84-87 of the Complaint that Plaintiffs alternatively allege that Defendants improperly calculated hourly wages and as a result failed to pay Plaintiffs properly. Defendant's failure to pay Plaintiffs all agreed upon wages is a violation of the SCPWA. Certainly this is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In sum, Plaintiffs have articulated sufficient information relating to the failure to pay wages as defined by the SCPWA that should enable Defendant to craft a reply to both the SCPWA claim and the Breach of Contract claim. In other words, the Complaint neither lacks information so as to be unintelligible nor it is 'vague and indefinite' such that Defendant cannot respond. As such, Plaintiffs

assert that the facts as plead are sufficient to sustain Plaintiffs' claims and do not require any greater specificity at this juncture. Any additional details, such as those sought by Defendant, are unnecessary to respond to the Complaint and will be revealed, presumably in great detail, in discovery.

Accordingly, Plaintiffs request this Court deny the Defendant's Motion.

RESPECTFULLY SUBMITTED,

s/ Michael J. Jordan
Michael J Jordan
Federal I.D. Number: 10304
Steinberg Law Firm, LLP
Post Office Box 1028
Goose Creek, SC 29445
(843) 572-0700
(843) 572-1871 – facsimile
mjordan@steinberglawifrm.com

s/ Amy L. Gaffney
Amy L. Gaffney
Federal I.D. Number: 6316
Gaffney Lewis & Edwards, LLC
3710 Landmark Drive, Suite 109
Columbia, SC 29204
(803) 790-8838
(803) 790-8841—facsimile
agaffney@glelawfirm.com

April 28, 2014
Goose Creek, South Carolina.