# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| TRACY MADDEN, *et al.*, *all individually and on behalf of other similarly situated individuals*, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 2:14-cv-208-DCN<br>)<br>) |
| v. | )<br>) **ORDER** |
| CHARLESTON COUNTY, | )<br>) |
| Defendant. | )<br>) |

This matter is before the court on a motion for a more definite statement filed by defendant Charleston County. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

On January 23, 2014, plaintiffs, who are all current or former employees of the Charleston County EMS department, filed the present action against Charleston County alleging the following causes of action: (1) violation of the Fair Labor Standards Act ("FLSA") (individual and collective action); (2) violation of the South Carolina Payment of Wages Act ("SCPWA") (individual and class action); and (3) breach of contract (individual and class action). Plaintiffs seek class certification for their SCPWA and breach of contract claims. On March 10, 2014, Charleston County moved for a more definite statement. Plaintiff responded on April 28, 2014, and Charleston County filed a reply on May 8, 2014. This matter has been fully briefed and is ripe for the court's review.

1

## II. STANDARD

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A complaint does not need to "make a case against a defendant or forecast evidence sufficient to prove an element of the claim;" rather, the sufficiency of a complaint depends on "whether the document's allegations are detailed and informative enough to enable the defendant to respond." Chao v. Rivendell Woods. Inc., 415 F.3d 342, 349 (4th Cir. 2005) (internal quotation marks, citations, and emphasis omitted). "Rule 12(e) motions are typically disfavored by courts," Rahman v. Johanns, 501 F. Supp. 2d 8, 19 (D.D.C. 2007), and such motions are "designed to strike at unintelligibility rather than simple want of detail." Frederick v. Koziol, 727 F. Supp. 1019, 1020-21 (E.D. Va. 1990) (citation omitted). Whether to require a party to supply a more definite statement "is a matter generally left to the district court's discretion." Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973).

## III. DISCUSSION

Charleston County requests an order requiring plaintiffs to provide a more definite statement regarding their SCPWA and breach of contract claims. Def.'s Mot. 1. It argues it is unable to respond to plaintiffs' complaint because plaintiffs make the allegations made are "generalized, vague, and indefinite."[1] Def.'s Mot. 4. Plaintiffs

---

[1] Charleston County also argues that "virtually all" of plaintiffs' factual allegations constitute violations of the FLSA and that those allegations "cannot support Plaintiffs' state law claims" because the remedies provided in the FLSA are exclusive. Def.'s Reply 2. This argument, however, would be more properly raised on a motion to

2

argue that they have articulated sufficient information in their complaint to enable Charleston County to craft a reply to both the SCPWA and breach of contract claim. Pls.' Resp. 4.

With regard to the two state causes of action, plaintiffs' complaint alleges that:

> 86.  Defendant has failed to pay Plaintiffs and the members of the Plaintiff class all wages due, as required by Sections 41-10-40 and -50 of the Act.
>
> 87.  In addition, Defendant's EMS Department improperly calculated the amounts owed to the Plaintiffs and the members of the Plaintiff class on their paychecks for improper purposes, upon false pretenses, and without providing proper written notice as required by Section 41-10-30(A) of the Act.

Compl. ¶¶ 86-87.  The complaint goes on to allege that:

> 91.  Plaintiffs and the members of the Plaintiff class entered into a contract with Defendant where Plaintiffs and the members of the Plaintiff class would provide services and labor to Defendant in exchange for agreed-upon wages.
>
> 92.  The contracts offered by the Defendant and accepted by the Plaintiffs and the members of the Plaintiff class provide the Plaintiffs and the members of the Plaintiff class would be paid an hourly rate based upon an annual salary.
>
> 93.   Plaintiffs and the members of the Plaintiff class fulfilled their obligations under the contract.
>
> 94.  Defendant breached the contracts with Plaintiffs and the members of the Plaintiff class by not paying them all amounts due.

Compl. ¶¶ 91-94.

In these excerpts, plaintiffs allege that they were not paid wages quoted in their contracts and that Charleston County improperly calculated plaintiffs' hourly wages. Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under this notice pleading standard, "[s]pecific facts are not necessary; the statement need only give

---

dismiss for failure to state a claim upon which relief can be granted rather than in Charleston County's present Rule 12(e) motion.

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted). While plaintiffs have not included specific facts in their complaint, the court unable to say that plaintiffs' complaint is "so vague or ambiguous that [Charleston County] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Moreover, Rule 12(e) motions are not to be utilized as a substitute for discovery and should be denied where the information sought could be obtained in discovery. Frederick, 727 F. Supp. at 1021. Charleston County will be able to utilize the discovery process to discern the exact nature of the pay abnormalities alleged by plaintiffs.

## IV. CONCLUSION

Based on the foregoing, the court **DENIES** Charleston County's motion for a more definite statement.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 5, 2014**
**Charleston, South Carolina**

4